UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JULIE NEELEY<br>2243 N Liberty Keuter Rd<br>Lebanon, OH 45036 | : <br> : <br> : <br> : | Case No. |
| Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | |
| ICE INDUSTRIES, INC.<br>3810 Herr Road<br>Sylvania, OH 43560 | : <br> : <br> : <br> : | **COMPLAINT WITH JURY DEMAND** |
| UNITED HEALTHCARE INSURANCE<br>COMPANY<br>9900 Bren Rd. E. MN008-T-615<br>Minnetonka, MN 55343 | | |
| Defendants. | | |

Plaintiff Julie Neeley, complaining of Defendants Ice Industries, Inc. and United Healthcare Insurance Company, states as follows:

**PARTIES**

1. Plaintiff Julie Neeley ("Plaintiff") is a resident and citizen of the State of Ohio and a citizen of the United States.

2. Defendant Ice Industries, Inc. ("Ice Industries") is an Ohio corporation with its principal place of business in Ohio.

3. Defendant Ice Industries is an employer under federal and Ohio law and is liable for the claims brought in this complaint.

4. Defendant Ice Industries is both the plan sponsor and plan administrator as the terms are defined under the Employee Retirement Income Security Act of 1974 ("ERISA") of various employee welfare benefit plans, including the "Ice Industries, Inc. Medical Choice Plus

1

Plan Gold HSA Plan" ("Health Plan") and short-term disability ("STD") benefit plan.

5. Defendant United Healthcare Insurance Company ("United Healthcare") is a health insurer headquartered in Hennepin County, Minnesota and was a third-party claims administrator as well as the fiduciary under ERISA for the Health Plan during the relevant period.

6. At all relevant times Defendant United Healthcare is a named "fiduciary" under ERISA and functionally acted as a fiduciary, as it was and is vested with discretionary authority to decide coverage under the Plan and make benefit eligibility and factual determinations.

7. The Health Plan and STD Plan are welfare benefit plans within the meaning of 29 U.S.C. §1102(1).

8. The Health Plan and STD Plan are both self-insured by Ice Industries, meaning Defendant Ice Industries is financially responsible for benefit claims approved by the claims administrators.

9. As Plan Sponsor and Plan Administrator to the Health Plan and the STD Plan, Defendant Ice Industries was a named "fiduciary" under ERISA at all relevant times.

10. In addition, Defendant Ice Industries at all relevant times, Defendant Ice Industries was a functional fiduciary, as it exercised discretionary authority and control over plan assets, was responsible for the day to day financial matters of the plans, including processing payroll, responsible for the administration of the benefit plans, communicating to the claim administrators within its role as plan sponsor and plan administrator, and exercised authority and control with respect to the management and disposition of employee contributions to the Plan, and exercised and was delegated discretionary authority with respect to coverage eligibility determinations, coverage determinations, benefit claims, and/or factual determinations and/or

acted as an apparent fiduciary for United Healthcare as a claim and/or plan administrator.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. Plaintiff's Count I arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2615, *et. seq.* ("FMLA"), Count II arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Counts IV - VI arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

12. This Court has supplemental jurisdiction over the remaining Counts pursuant to 28 U.S.C. § 1367, because they arise out of the same set of operative facts as those relevant to Counts I, II, and IV- VI so as to make them part of the same case in controversy.

13. Venue is proper in the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. §1132(e)(2), because a substantial part of the events giving rise to these claims occurred in this division and district.

14. Plaintiff timely filed a Charge of Discrimination regarding disability and retaliation with the Equal Employment Opportunity Commission ("EEOC") and with the Ohio Civil Rights Commission ("OCRC"), under the EEOC's work-sharing agreement with the OCRC.

15. Plaintiff was issued a Notice of Right to Sue from the EEOC and under the OCRC work-sharing agreement, and this Complaint is filed within 90 days of the Notice.

16. Plaintiff has exhausted all administrative remedies under the Health Plan, and/or exhaustion would be futile, to the extent necessary for Plaintiff's claims under ERISA.

## FACTUAL ALLEGATIONS

17. Defendant Ice Industries is a manufacturer based in Sylvania, Ohio.

18. Plaintiff was a loyal and dedicated employee of Defendant Ice Industries and was fully qualified for her position at all times.

19. Plaintiff was employed by Defendant Ice Industries from July 2021 until her termination on September 15, 2023, as a Warehouse Stocker, and was rehired to that position in December of 2023.

20. As an employee of Defendant Ice Industries, Plaintiff participated in, and was eligible for benefits under, the Health Plan and STD Plan.

21. Plaintiff has a disability of the digestive system.

22. Plaintiff needed surgery for her disability on August 11, 2023.

23. Plaintiff informed her supervisor, Bill Jones, in early July that she was getting the surgery in August 2023 and would need six to eight weeks off to recuperate.

24. On August 8, 2023, Plaintiff's last day of work before surgery, Christina Sanchez of Human Resources provided Plaintiff with FMLA and Short Term Disability ("STD") paperwork to take the time off starting August 11, 2023.

25. As a result of the surgery, Plaintiff incurred significant healthcare costs, which were covered under the Health Plan and United Healthcare approved claims submitted by Plaintiff's providers under the terms of the Health Plan.

26. Defendant Ice Industries was notified of the Health Plan claims United Health approved pursuant to the agreement between United Healthcare and Ice Industries, and Ice Industries reimbursed United Healthcare for the health benefit claims approved under the Health Plan.

27. On August 29, 2023, Ms. Sanchez emailed Plaintiff at home to tell her that the company had not received her paperwork, and if she did not respond by September 5, 2023, she would be fired.

28. Plaintiff, who was still recovering from surgery, responded to Ms. Sanchez's email as soon as she saw the email on September 8, and told Ms. Sanchez that her doctor had not given her the FMLA paperwork back yet, but she was following up.

29. Defendant Ice Industries terminated Plaintiff on or about September 15, 2023.

30. Ms. Sanchez informed Plaintiff on September 15, 2023, "Unfortunately, your employment with Ice Industries has been terminated because you failed to return the FMLA paperwork on time ... You can re-apply when your doctor releases you to full duty."

31. Then Defendant Ice Industries hired Plaintiff back once she was released without restrictions in December of 2023.

32. In December 2023, Plaintiff discovered that Defendant Ice Industries had falsely told United Healthcare that she was terminated on August 10, 2023 - the day before her surgery, and as a direct result of Defendant Ice Industries' knowingly false information, Plaintiff's health insurance was retroactively terminated and all previously approved and paid claims were rescinded.

33. As a result of Defendant Ice Industries' knowingly false representations to United Healthcare, Ice Industries, through United Healthcare, clawed back all paid health benefit claims incurred between August 8, 2023 and September 15, 2023.

34. As a result, Plaintiff now owes tens of thousands of dollars in medical bills that she would not have otherwise owed.

35. Plaintiff pleaded with Ms. Sanchez and Plant Manager David Carroll to fix Defendant's errors.

36. Ms. Sanchez refused to help, and Mr. Carroll was supportive of Plaintiff's pleas for help, but claimed he had to go along with Human Resources' decisions.

5

37. Defendant Ice Industries deliberately terminated Plaintiff under false pretenses to avoid having to pay the health insurance claims and/or to avoid having to accommodate her disability.

38. Defendant Ice Industries has engaged in a pattern and practice of discrimination against disabled employees.

39. Defendant Ice Industries has engaged in a pattern and practice of discrimination against employees who take FMLA-protected leave and interfering with their FMLA right to leave.

## COUNT I
### (Willful FMLA Interference & Retaliation)
### (Against Defendant Ice Industries)

40. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

41. Plaintiff had a serious health condition.

42. Plaintiff availed herself of her right to FMLA leave as a result of her serious health condition by properly notifying Defendant of her need for leave and the reasons for leave.

43. Defendant Ice Industries maliciously, blatantly, and willfully interfered with Plaintiff's FMLA rights by refusing to grant her additional time to complete or correct her certifications, and by failing to tell her that she would be immediately or retroactively terminated if she failed to obtain certification.

44. Defendant Ice Industries blatantly and willfully retaliated against Plaintiff for availing herself of her FMLA rights and further interfered with her ability to take future FMLA leave by terminating her employment, in reckless disregard of the FMLA.

45. As a direct and proximate result of Defendant Ice Industries 's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief.

## COUNT II
### (Disability Discrimination – ADA)
### (Against Defendant Ice Industries)

46. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

47. Plaintiff is disabled and has a record of a disability.

48. Defendant Ice Industries perceived Plaintiff as disabled.

49. Plaintiff was fully qualified for her position and could perform the essential functions of her job at all relevant times, with or without accommodation.

50. Plaintiff requested reasonable accommodation for her disability.

51. Defendant Ice Industries discriminated against Plaintiff by terminating her to avoid reasonably accommodating her disability.

52. Defendant Ice Industries willfully and maliciously discriminated against Plaintiff by terminating her employment and failing to terminate her because of her disability and, because she requested accommodation for her disability, because of the record of a disability and because Defendant Ice Industries perceived her as disabled in reckless disregard of the ADA.

53. As a direct and proximate result of Defendant Ice Industries's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief under the ADA.

## COUNT III
### (Disability Discrimination – O.R.C. Chapter 4112)
### (Against Ice Industries)

54. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

55. Plaintiff is disabled and has a record of a disability.

56. Defendant Ice Industries perceived Plaintiff as disabled.

57. Plaintiff was fully qualified for her position and could perform the essential functions of her job at all relevant times, with or without accommodation.

58. Plaintiff requested reasonable accommodation for her disability.

59. Defendant Ice Industries discriminated against Plaintiff by terminating her to avoid reasonably accommodating her disability.

60. Defendant Ice Industries willfully and maliciously discriminated against Plaintiff by terminating her employment and failing to terminate her because of her disability and, because she requested accommodation for her disability, because of the record of a disability and because Defendant Ice Industries perceived her as disabled in reckless disregard of the Ohio Revised Code Chapter 4112.

61. As a direct and proximate result of Defendant Ice Industries's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief under the Ohio Revised Code Chapter 4112.

## COUNT IV
### (Breach of Fiduciary Duty under 29 U.S.C. §1132(a)(3))
### (Against Ice Industries and United Healthcare)

62. Defendant Ice Industries and United Healthcare issued a group policy referred to herein as the Health Plan, pursuant to which United Healthcare delegated to Ice Industries the responsibility for gathering information from its employees' records which would show, among other things, enrollment eligibility, dates of hire and termination, leaves of absence, where relevant, and responsibility for communicating and determining eligibility for coverage under the Plan and providing all necessary application and enrollment information.

63. Under the Health Plan, both the "Plan Sponsor and the Claims Administrator make administrative decisions regarding whether the Plan will pay for any portion of the cost of a health care service you intend to receive or have received."

64. Both Defendant Ice Industries and United Healthcare are explicitly vested with discretion to interpret benefits under the plans, interpret plan terms, and make factual determinations and are named fiduciaries.

65. Both Defendants are functional fiduciaries as well.

66. The Health Plan incorporates the Patient Protection and Affordable Care Act (PPACA), including that "Retroactive rescission of coverage under the plan is permitted, with 30 days advance written notice, only in the following two circumstances:1) The individual performs an act, practice or omission that constitutes fraud; 2) The individual makes an intentional misrepresentation of a material fact.

67. At all relevant times, Plaintiff was enrolled and eligible for coverage under the Health Plan.

68. Both Defendant Ice Industries and United Healthcare had specific and/or constructive knowledge that Plaintiff was enrolled and eligible for coverage under the Health Plan from August 8, 2023 through September 15, 2023, at the earliest.

69. Defendant United Healthcare had specific and/or constructive knowledge that Ice Industries acted without proper oversight or direction and/or fraudulently and United Healthcare affirmatively failed to ensure Ice Industries acted in accordance with the plan terms and United Healthcare's internal operating procedures.

70. Defendant United Healthcare had specific and/or constructive knowledge that Ice Industries provided inaccurate information to United Healthcare and, despite being vested with the discretionary authority to determine facts, United Healthcare affirmatively failed to correct the false information causing United Healthcare to improperly determine Plaintiff's coverage ended.

71. Defendant Ice Industries had fiduciary duty of loyalty, prudence, good faith, and honesty in its dealings with Plaintiff, United Healthcare, and the STD Plan claim administrator as Plan Administrator. .

9

72. Defendant Ice Industries violated its fiduciary duties owed to Plaintiff by knowingly communicating false information to United Healthcare to cause Plaintiff's health plan coverage to be retroactively rescinded.

73. Defendant Ice Industries violated its fiduciary duties owed to Plaintiff failing to correct inaccurate and false information provided to United Healthcare.

74. Defendant Ice Industries' omissions and deficiencies were known to United Healthcare, and yet, United Healthcare caused Plaintiff's paid health benefits to be rescinded, contrary to the terms of the Plan, the PPACA, its service agreement with Ice Industries, and its fiduciary duties under ERISA.

75. But for Defendants' acts and omissions, Plaintiff would have maintained health coverage from August 8, 2023 through her leave of absence/date of rehire.

76. Defendants rescinded Plaintiff's coverage because Defendant Ice Industries improperly backdated a termination date with the intent to rescind health insurance coverage and prevent Plaintiff's health insurance claims from coming due for Ice Industries' payment.

77. Defendants knew or should have known that their conduct would be harmful to Plaintiff's entitlement to health benefits under the Plan.

78. Defendants, individually and collectively, were acting as fiduciaries under the Plan to Plaintiff.

79. Defendants each owe fiduciary duties to Plan participants and beneficiaries, including duties of care, skill, prudence, and diligence; to convey complete and correct material information to claim administrators, participants and beneficiaries, and the duty to inform the claim administrator, participant and/or beneficiary when silence may be harmful.

80. Defendants breached their fiduciary duties to Plaintiff. By way of example, and without limitation, Defendants:

    a. Failed to disclose to Plaintiff the Plan's prohibition against retroactive rescission of benefits, except under narrow circumstances not applicable to Plaintiff.

    b. Intentionally, negligently, and/or improperly reported inaccurate termination date to United Healthcare;

    c. Intentionally, negligently, and/or improperly failed to take corrective action when Plaintiff notified Defendants of the mistake;

    d. Failed to comply with ERISA's regulatory requirements and the plan requirements concerning Plaintiff's health benefit and STD benefit coverage and adverse decisions;

    e. Failed to convey complete and accurate information, despite being aware that the Plaintiff would be materially harmed by such silence;

    f. Failed to reasonably monitor or supervise third parties with respect to Plan administration and the handling of Plan assets;

    g. Failed to satisfy the requisite standard of care by maintaining accurate employee records and Plan enrollment forms required under the Plan and ERISA;

81. Plaintiff has been harmed by Defendants for their breach of fiduciary duties.

82. Defendants are each liable for their breaches of the other, pursuant to Section 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1) ; (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2) ; or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the

circumstances to remedy the breach, in violation of Section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3) .

83. Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff seeks relief for Defendants' breach of fiduciary duty and ERISA violations including equitable estoppel, declaratory relief, disgorgement, reformation of the Plan, imposition of surcharge, make-whole relief, attorney's fees and costs, pre-judgment interest, and all other equitable relief as may be requested.

## COUNT V
### (Claim For Benefits under 29 U.S.C. § 1132(a)(1)(B)
### (Against United Healthcare and Ice Industries)

84. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

85. Plaintiff was eligible for the health benefit coverage under the Health Plan continuously from August 8, 2023 through, at the earliest, September 15, 2023.

86. Plaintiff met all conditions precedent for coverage under the Health Plan and for payment of approved medical claims during this period.

87. Plaintiff incurred covered health care services under the Plan during this period and submitted, through her providers, timely claims for benefits.

88. United Healthcare as the claims administrator approved the claims under the Plan and issued payment according to the terms of the plan out of the employer-unfunded welfare fund.

89. Defendants improperly retroactively denied the paid health insurance claims by improperly rescinding coverage.

90. The Plan and Federal Law prohibited Defendants' unlawful rescission of coverage: 1) Defendants failed to give Plaintiff the mandated 30-day advance notice of the rescission; 2) Defendants never determined, or even alleged, Plaintiff "perform[ed] an act, practice or omission that constitutes fraud" or "an intentional misrepresentation of material fact".

91. Plaintiff appealed the adverse claim determinations, to the extent required under the Plan, but Defendants continued to improperly deny her claim.

92. Plaintiff has exhausted all required administrative appeals and/or exhaustion would be futile under the circumstances.

93. Defendants have breached the Plan terms by failing to timely or properly respond to Plaintiff's claims; failing to provide timely notice to Plainitff of an adverse determination that she was not eligible for coverage; failing to pay all covered medical expenses under the Plan, and failing to provide all relevant information as requested pursuant to 29 C.F.R. 2560.503-1(m).

94. Plaintiff is entitled to recover the plan benefits, reasonable attorney's fees and costs, pre- and post-judgment interest; to enforce the terms of the plan; to obtain declaratory relief; and other appropriate equitable relief including make-whole relief, disgorgement and reformation to correct the improperly reported termination date.

## COUNT VI
### (ERISA Discrimination Pursuant to 29 U.S.C. § 1132(a)(3))
### (Against Defendants Ice Industries)

95. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

96. Plaintiff was covered under the Health Plan and eligible for benefits at all relevant times.

97. Plaintiff asserted her rights under ERISA to obtain benefits under the Health Plan beginning on or around August 11, 2023.

98. Defendant Ice Industries became aware that Plaintiff incurred significant health benefit costs which it became financially responsible for those costs under the self-funded Health Plan.

13

99. Defendant Ice Industries discriminated against Plaintiff by terminating her and falsifying employment records in order to prevent Plaintiff from accessing benefits under the Health Plan.

100. Defendant Ice Industries interfered with Plaintiff's right to receive benefit payments under the Health Plan by terminating her and/or falsifying employment records so as to invalidate and/or rescind her coverage under the Plan.

101. Absent Plaintiff's exercise of her rights under ERISA and the Health Plan, Defendant Ice Industries would never have terminated Plaintiff – retroactively or prospectively.

102. As a direct and proximate result of Defendant Ice Industries' unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief under ERISA.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) That Plaintiff be reinstated to her employment;

(b) That Defendants be enjoined from further unlawful activity;

(c) That Plaintiff be awarded all past, present, and future lost compensation and benefits and the value thereof;

(d) That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be awarded reasonable attorneys' fees and costs;

(h) That Plaintiff be awarded prejudgment interest;

(i) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation or benefits over separate tax years;

(j) Equitable Relief to which she may be entitled including declaratory relief, make whole relief, relief under theories of unjust enrichment, disgorgement of profits, surcharge, and reformation.

      (k)      That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Elizabeth S. Tuck
Elizabeth S. Tuck (0076542)
Trial Attorney for Plaintiff
The Tuck Firm, LLC
810 Sycamore Street, Fourth Floor
Cincinnati, OH  45202
Phone: (513) 545-6781 / Fax: (513) 263-9081
lisa@tuckfirm.com

/s/Claire W. Bushorn Danzl
Claire W. Bushorn Danzl (0087167)
*Co-counsel for Plaintiff*
The Bushorn Firm, LLC
810 Sycamore Street
Cincinnati, Ohio 45202
Phone: (513) 827-5771
cbushorn@thebushornfirm.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Claire W. Bushorn Danzl